Joel Madrigal
2132 N. Central Street
Visalia, CA 93291
Telephone: (559) 741-5779
Email: kalandrio559@gmail.com
Plaintiff in Propria Persona



JUN 12 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____________ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

JOEL MADRIGAL,

Plaintiff,

vs.

BRYAN FERREIRA, SHANE LOGAN, JARED GARCIA, CLAY MOFFETT, RICARDO LOZA, R. LASALDE, JUAN SAENZ, UNKNOWN VISALIA POLICE OFFICERS, AND THE CITY OF VISALIA CALIFORNIA,

Defendants.

Case No.: 1:20CV00820 DAD EPG

COMPLAINT FOR DAMAGES

42 U.S.C. § 1983 - 4th Amend.
42 U.S.C. § 1983 - 5th Amend.
Bane Act – California Civil Code § 52.1
False Arrest and Imprisonment
Abuse of Process
Negligence
Intentional Infliction of Emotional Distress

JURY TRIAL DEMANDED

TO THE HONORABLE COURT:

Plaintiff, JOEL MADRIGAL, individually makes the following allegations against the defendants, and each of them.

JURISDICTION AND VENUE

1. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as this action is one arising under the federal civil rights laws and includes supplemental state law claims.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the incidents giving rise to this action occurred within this judicial district.

3. Plaintiff fulfilled all prerequisites to filing suit, including submitting a timely claim for damages with the City of Visalia (Cal. Gov. Code, § 910), and filing this action within six months of the City's denial of said claims (Cal. Gov. Code, § 945.6).

PARTIES

4. Plaintiff Joel Madrigal is an adult resident of the County of Tulare.

5. Defendants Visalia Police Officers Bryan Ferreira, Shane Logan, Jared Garcia, Clay Moffett, Ricardo Loza, R. Lasalde, and Juan Saenz, are legally responsible and liable for the injuries and damages alleged herein. These Visalia Police Officers are sued in their personal capacities for acts performed under color of law.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Unknown Visalia Police Officers, and therefore sue said defendants by such fictitious names. Along with the named individual defendants, each of the fictitious defendants is legally responsible and liable for the injuries and damages alleged herein. Plaintiffs will amend this complaint to allege the true names and capacities of these defendants when they are ascertained. These fictitious defendants are all sued in their personal capacities for acts performed under color of law.

7. Defendant City of Visalia, California is local municipal body and a political subdivision of the State of California. City of Visalia is primarily responsible for funding and supervising the Visalia Police Department. The City of Visalia is sued based on its municipal customs, policies and practices, both written and unwritten, which were the moving force behind the constitutional violations of the named and

unknown Visalia Police Officers, as set forth in more detail herein. City of Visalia also failed to use due care in hiring, retaining, training, and supervising named and unknown police Visalia Police Officers.

FACTUAL ALLEGATIONS

8. Plaintiff, Joel Madrigal, was arrested on August 20, 2014 for possession of illegal controlled substances for sale after a parole search was conducted by officers of the Visalia Police Department of his residence at 2132 N. Central Street, Visalia, and certain vehicles parked nearby. Officers of the Visalia Police Department planted evidence to incriminate Plaintiff, including, but not limited to illegal drugs, paraphernalia, indicia of drug sales. Visalia Police Officers involved in the searches and arrest include Officers Bryan Ferreira, Shane Logan, Jared Garcia, Clay Moffett, Ricardo Loza, R. Lasalde, and others whose identities are unknown to Plaintiff.

9. Bryan Ferreira sought and received a search warrant from the Hon. Antonio Reyes later that day on August 20, 2014 to search a safe in Plaintiff's home. The warrant was based on false statements in the affidavit in support of the warrant, prepared and filed by Defendant Visalia Police Officer Bryan Ferreira. False facts included the evidence of drug sales planted by the Visalia Police Officers. This resulted in money belonging to Plaintiff being forfeited, only a portion of which has been recouped from the City of Visalia.

10. This falsely planted evidence, the money found during the execution of the search warrant, and false police reports, resulted in felony criminal charges being brought against Plaintiff by the Tulare County District Attorney in Tulare County Superior Court case number VCF305005.

11. On January 13, 2015, Plaintiff was driving his car in the City of Visalia while out on bail on case number VCF305005, and was illegally stopped, detained,

searched, and arrested by Defendants Visalia Police Officers Jared Garcia and Ricardo Loza for felony possession of controlled substance. The drugs were planted in Plaintiff's vehicle by Defendants Garcia and Loza. This falsely planted evidence and false police report resulted in felony criminal charges being brought against Plaintiff by the Tulare County District Attorney in Tulare County Superior Court case number VCF311827.

12. On February 19, 2018, Defendant Bryan Ferreira obtained a search warrant for a structure at 15687 Wisteria Drive, Ivanhoe, California. The affidavit in support of the warrant was knowingly false. On February 23, 2018, Visalia Police Officers searched the structure and discovered controlled substances, drug paraphernalia, guns, and money. The Defendant Visalia Police Officers claimed the structure was rented by Plaintiff. The drugs, guns and paraphernalia were not Plaintiff's. They were planted by Defendant Visalia Police Officers. The officers involved in the search and arrest were Defendant Visalia Police Officers Bryan Ferreira, R. Lasalde, Ricardo Loza, Juan Saenz, and Clay Moffett. This falsely planted evidence and false police reports resulted in felony criminal charges being brought against Plaintiff by the Tulare County District Attorney in Tulare County Superior Court case number VCF331421.

13. On November 8, 2016, as part of a plea bargain, Plaintiff pleaded Nolo Contendere to certain counts in VCF305005, VCF311827 and VCF331421. On March 7, 2017, Plaintiff was sentenced to 10 years in prison. Plaintiff did not enter this plea because he believed that he could never disprove at trial these false charges made against him based on the evidence planted by the Defendant Visalia Police Officers; he was attempting to shorten the sentence he would receive if he went to trial and was convicted. But for the wrongful conduct of defendants, Plaintiff would not have pled Nolo Contendere to these charges.

14. On July 10, 2019, while Plaintiff was serving his prison sentence, the People filed a motion to vacate the defendant's convictions and dismiss case numbers VCF305005 and VCF331421 pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Visalia Police Officers Bryan Ferreira and Shane Logan, who were involved in the arrest and prosecution of Plaintiff, had themselves been arrested and charged with various crimes of moral turpitude in Tulare County Superior Court case numbers VCF373022A (Ferreira) and VCF373022B (Logan). These charges included filing false police reports, perjury by declaration, and conspiracy to commit crimes.

15. According to the prosecutor who filed the motion to vacate, these charges were of an impeachable nature affecting the credibility of the officers, without whose testimony the evidence would be insufficient to convict the defendant and that if the information concerning these officers was material and if it had been known to the defense it would have resulted in a different outcome. In determining that Officer Ferreira's and Officer Logan's conduct was material to Plaintiff's prosecution, the prosecutor reasoned that the officers participated in searches, located incriminating evidence, and authored police reports. The People moved to vacate the convictions and dismiss the cases to safeguard Plaintiff's due process right to the fair trial. Defendant Visalia Police Officers Ferreira and Logan are still awaiting trial.

16. On July 17, 2019, the Court granted the People's motion and vacated the convictions and dismissed the charges. Plaintiff was released from prison on July 30, 2019, as he had completed his sentence in case number VCF311827, which was not vacated by the Tulare County Superior Court, as it did not directly involve Defendants Bryan Ferreira and Shane Logan.

17. Since Plaintiff's release from prison, he has continued to be harassed by Visalia Police Officers, including being stopped, searched, and detained without probable cause. Plaintiff is on parole under case number VCF311827.

18. On June 14, 2019, City of Visalia denied Plaintiff's claim letter (Cal. Gov. Code, § 910), advising Plaintiff that he must file any court action on these claims within six-months of the date of the letter. (Cal. Gov. Code, § 945.6.)

19. As a result of the actions and omissions of the City of Visalia, and named and unknown Visalia Police Officers, Plaintiff has sustained significant damages. Plaintiff has suffered loss of liberty and civil rights due to his false arrest, prosecution, conviction, and imprisonment in county jail and state prison; emotional distress, including physical and emotional symptoms, such as mental anguish and depression; loss of money which was unlawfully seized and forfeited, some of which was not returned; money that was unnecessarily paid in attorney's fees and bail bonds to defend himself from the unlawful charges; loss of tangible personal property including but not limited to a motor vehicle; lost employment/wages and economic opportunities; and damage to his relationship with the mother of his children, his children and other family members. Plaintiff fears that he might once again be subjected to the illegal planting of evidence, false arrest, prosecution, conviction, incarceration, and be subject to further retaliation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of 42 U.S.C. § 1983 – Fourth Amendment, Illegal Search and Seizure
(Plaintiff Against Defendants Named and Unknown Visalia Police Officers and City of Visalia)

20. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. The individual defendants, acting under color of law, engaged in unlawful searches and seizures of Plaintiff's person, home and property, thereby depriving him of constitutionally protected rights, including the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, the unlawful conduct in this case consisted of (1) planting drugs, paraphernalia, cell phones, and indicia of drug sales; (2) falsifying the affidavits in support of the search warrants used to engage in searches; and (3) the arrest, prosecution and incarceration of Plaintiff. This unlawful conduct occurred in the searches, arrests, and prosecutions in all three criminal cases, listed herein.

22. This constitutional misconduct caused Plaintiff damages, which are compensable under federal law.

23. Plaintiff also contends the individual defendants' actions were malicious and would support the imposition of punitive damages against them.

24. Plaintiff is entitled to attorney's fees under this cause of action.

25. The City of Visalia is responsible for Plaintiff's damages because their customs, policies and practices were the moving force behind the individual defendant's constitutional misconduct. Specifically, this entity defendant's customs, policies and practices of failing to train, supervise and discipline officers who use engage in unlawful conduct, including unlawful searches and seizures and the use of false and perjurious affidavits, reports and testimony. These customs, policies and practices will be specified during discovery in this proceeding.

**SECOND CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Fifth Amendment, Due Process
(Plaintiff Against Defendants Named and Unknown Visalia Police Officers and City of Visalia)

26. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. The individual defendants, acting under color of law, deprived Plaintiff of his liberty and property in violation of his constitutional right to liberty and due process of law, guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, defendants and each of them, (1) planted evidence of crimes against Plaintiff, including but not limited to illegal controlled substances, paraphernalia, and indicia of drug sales; (2) filed false affidavits in support of search warrants for Plaintiff's property; (3) arrested Plaintiff without probable cause, based upon false evidence planted by defendants; (4) recommended the filing of criminal charges against Plaintiff, even though defendants knew there were no bases for the charges, resulting in Plaintiff's detention, incarceration in county jail and state prison. This unlawful conduct occurred in the searches, seizures, arrests, and prosecution of all three criminal cases, listed herein.

28. This constitutional misconduct caused Plaintiff damages, which are compensable under federal law.

29. Plaintiff also contends the individual defendants' actions were malicious and would support the imposition of punitive damages against them.

30. Plaintiff is entitled to attorney's fees under this cause of action.

31. The City of Visalia is responsible for Plaintiff's damages because their customs, policies and practices were the moving force behind the individual defendant's constitutional misconduct. Specifically, this entity defendant's customs, policies and practices of failing to train, supervise and discipline officers who use engage in unlawful conduct, including unlawful searches and seizures and the use of false and perjurious affidavits, reports and testimony, false arrests and

prosecutions. These customs, policies and practices will be specified during discovery in this proceeding.

**THIRD CAUSE OF ACTION**

Violation of the Bane Civil Rights Act – California Civil Code § 52.1(c)
(Plaintiff Against Defendants Named and Unknown Visalia Police Officers and City of Visalia)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. The individual defendants intentionally interfered with or attempted to interfere with Plaintiff's exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the State of California. Specifically, the individual defendants committed this misconduct by (1) planting evidence to incriminate Plaintiff, including, but not limited to, illegal controlled substances, paraphernalia, indicia of controlled substance sales; (2) preparing and filing affidavits in support of search warrants with knowingly false statements to support the unlawful searches; (3) illegally searching and seizing the property of Plaintiff; (4) arresting Plaintiff without probable cause, based on planted evidence; (5) recommending the filing of criminal charges against Plaintiff, even though defendants knew there were no basis for the charges; (6) filing false police reports and perjurious testimony, resulting in Plaintiff's detention, and incarceration in county jail and state prison. This unlawful conduct occurred in the searches, seizures, arrests, and prosecution of all three criminal cases, listed herein.

34. All these actions support claims under the Bane Civil Rights Act, as they violate various rights guaranteed under the Constitutions and laws of the State of California and United States, including, but not limited to the inalienable rights of liberty, possessing and protecting property, and pursuing and obtaining safety,

happiness, and privacy. (Cal. Const, Art. I § 1; Fourth, Fifth, and Fourteenth Amend. to the U.S. Const.) Plaintiff may not be deprived of liberty or property without due process of law. (Cal. Const, Art. I § 7; Fifth and Fourteenth Amend., U.S. Const.) Plaintiff had the right to be secure in his person, houses, papers, and effects against unreasonable seizures and searches which may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized. (Cal Const, Art. I § 13; Fourth and Fourteenth Amend., U.S. Const.)

35. The City of Visalia is responsible for Plaintiff's damages because their customs, policies and practices were the moving force behind the individual defendant's constitutional misconduct. Specifically, this entity defendant's customs, policies and practices of failing to train, supervise and discipline officers who use engage in unlawful conduct, including unlawful searches and seizures and the use of false and perjurious affidavits, reports and testimony, false arrests and prosecutions. These customs, policies and practices will be specified during discovery in this proceeding.

36. The City of Visalia is liable for Plaintiff's injuries, as they were proximately caused by acts or omissions of employees within the scope of their employment, and those acts or omissions have given rise to a cause of action against that employee.

37. As a result of the defendants' misconduct, Plaintiff was harmed, and their actions, either taken individually or through agents or employees, were a substantial factor in causing those damages.

38. Plaintiff also contends the individual defendants' actions were malicious and would support the imposition of punitive damages against them.

39. Plaintiff is entitled to attorney's fees under this cause of action.

**FOURTH CAUSE OF ACTION**

False Arrest and Imprisonment – California State Law
(Plaintiff Against Defendants Named and Unknown Visalia Police Officers and City of Visalia)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff was wrongfully arrested by named individual defendants and Unknown Visalia Police Officers on the three occasions set forth herein. Defendants did not have an arrest warrant or probable cause to arrest Plaintiff on any of these occasions, as the arrests were based on evidence of criminal conduct that was planted by named and Unknown Visalia Police Officers, including, but not limited to illegal controlled substances, paraphernalia, indicia of drug sales. These false arrests and defendants' wrongful conduct resulted in Plaintiff's false imprisonment in county jail and state prison.

42. Plaintiff was harmed by these arrests, as he was repeatedly incarcerated in county jail, had to post bail, hire defense counsel, pay costs of legal defense, was imprisoned in the state prison, and still lacks his freedom today, as he is on parole. In addition, Plaintiff lost his car, his employment and economic opportunity, his education, loss of the relationship with his family, and suffered emotional distress. Defendants' conduct, either taken individually or through agents or employees, were a direct cause and substantial factor in causing those damages.

43. The City of Visalia is responsible for Plaintiff's damages because their customs, policies and practices were the moving force behind the individual defendants' misconduct. Specifically, this entity defendant's customs, policies and practices of failing to train, supervise and discipline officers who use engage in unlawful conduct, including unlawful searches and seizures and the use of false and

perjurious affidavits, reports and testimony, false arrests and prosecutions. These customs, policies and practices will be specified during discovery in this proceeding.

44. The City of Visalia is liable for Plaintiff's injuries, as they were proximately caused by an act or omission of employees within the scope of their employment, and those acts or omissions have given rise to a cause of action against that employee.

45. As a result of the defendants' misconduct, Plaintiff was harmed, and their actions, either taken individually or through agents or employees, were a substantial factor in causing those damages.

46. Plaintiff also contends the individual defendants' actions were malicious and would support the imposition of punitive damages against them.

**FIFTH CAUSE OF ACTION**

Abuse of Process – California State Law

(Plaintiff Against Defendants Bryan Ferreira and City of Visalia)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. Defendant Ferreira filed two false affidavits in support of search warrants from the Tulare County Superior Court on or about August 20, 2014 and February 19, 2018. These false affidavits were the basis for search warrants and would not have been issued but for the false statements in the affidavit of Defendant Ferreira.

49. Defendant Ferreira intentionally used this unlawful legal procedure to obtain warrants to gain access to and "search" locations, where he and other named and unknown Visalia Police Officers then planted evidence of criminal conduct against Plaintiff, including but not limited to illegal controlled substances, paraphernalia, and indicia of drug sales.

50. This unlawful procedure harmed Plaintiff, as he had property seized and not returned, was arrested, posted bail, retained legal defense counsel, paid legal fees and costs, was incarcerated in jail and prison, lost his job, education, familial relationships, and suffered emotional distress. Defendant Ferreira's conduct was a substantial factor in causing Plaintiff's harm.

51. The City of Visalia is responsible for Plaintiff's damages because their customs, policies and practices were the moving force behind the individual defendant's misconduct. Specifically, this entity defendant's customs, policies and practices of failing to train, supervise and discipline officers who use engage in unlawful conduct, including unlawful searches and seizures and the use of false and perjurious affidavits, reports and testimony, false arrests, and prosecutions. These customs, policies and practices will be specified during discovery in this proceeding.

52. The City of Visalia is liable for Plaintiff's injuries, as they were proximately caused by an act or omission of an employee within the scope of his employment, and those acts or omissions have given rise to a cause of action against that employee.

53. As a result of the defendant's misconduct, Plaintiff was harmed, and their actions, either taken individually or through agents or employees, were a substantial factor in causing those damages.

54. Plaintiff also contends the individual defendants' actions were malicious and would support the imposition of punitive damages against them.

55. Plaintiff is entitled to attorney's fees under this cause of action.

**SIXTH CAUSE OF ACTION**

Negligence – California State Law

(Plaintiff Against Defendants Named and Unknown Visalia Police Officers and City of Visalia)

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. Consistent with California Civil Code § 1708 and longstanding common law, every person in the State of California has a duty to avoid the negligent causation of harm to another, including to avoid causing the harm to Plaintiff as alleged hereinabove.

58. Additionally, individual Defendant Visalia Police Officers had a special relationship and a mandated duty owed to Plaintiff and the public to uphold the law and to protect, defend and show allegiance to the Constitutions of the United States and the State of California.

59. Individual Defendants breached this duty of care owed to Plaintiff and directly or proximately caused damage to Plaintiff in the course and scope of their duties as Visalia Police Officers, as has been previously set forth in the forgoing Causes of Action.

60. Defendant City of Visalia created the Visalia Police Department, which, during all times relevant to Plaintiff's claims, hired, trained, employed, retained, and supervised the individual defendant Visalia Police Officers, who were all agents of Defendant City of Visalia. City of Visalia, through its police department and police officers, has a special relationship with the public and a mandatory duty to uphold the law, including the Constitutions of the United States and the State of California.

61. Defendant City of Visalia owed a duty to Plaintiff to take reasonable care in hiring, retaining, training, and supervising Visalia Police Department Officers, including the individual Defendants, in the performance of their duties.

62. Defendant City of Visalia through its supervisory officers and personnel at the Visalia Police Department, failed to use reasonable care to hire, retain, train,

and supervise Visalia Police Department Officers, including the individual Defendants, in the performance of their duties. It was foreseeable that if city of Visalia failed to properly hire, retain, train, supervise, and otherwise manage Defendant Police Officers, this would result in harm to the public, including violations of law and the Constitutional rights of individuals. This breach of duty proximately caused the damages to Plaintiff.

63. As a direct and proximate result of the wrongful and negligent acts of all defendants, Plaintiff has been damaged, in that he has been repeatedly arrested, charged with serious crimes, convicted based on false evidence, incarcerated in jail and prison, placed on parole, had his property seized, forfeited and not returned in its entirety, forced to pay bail, hire legal counsel and pay legal fees, had his relationship with family injured, and suffered severe emotional distress.

64. Plaintiff also contends the individual defendants' actions were malicious and would support the imposition of punitive damages against them.

**SEVENTH CAUSE OF ACTION**

Intentional Infliction of Emotional Distress – California State Law
(Plaintiff Against Defendants Named and Unknown Visalia Police Officers and City of Visalia)

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64 as though fully set forth herein.

66. The actions of individual Defendant Visalia Police Officers, planting evidence, such as illegal controlled substances, paraphernalia, and indicia of drug sales, and filing false affidavits and police reports, with the intent to cause Plaintiff to be arrested, charged, convicted, and imprisoned, is extreme and outrageous conduct by the individual defendants, done with the intention of causing, or reckless disregard of the probability of causing, emotional distress. The outrageous conduct of individual Defendants was intended to inflict these injuries on Plaintiff.

67. Plaintiff suffered severe and extreme emotional distress, the actual and proximate cause of which was defendants' outrageous conduct. Plaintiff was harmed by this outrageous conduct, as he was repeatedly incarcerated in county jail, had to post bail, hire defense counsel, was imprisoned in the state prison, and still lacks his freedom today, as he is on parole. In addition, Plaintiff lost his car, his employment, his education, his relationship with family members, and suffered emotional distress. Defendants' outrageous conduct, either taken individually or through agents or employees, were a direct cause and substantial factor in causing those damages.

68. The City of Visalia is liable for Plaintiff's injuries, as they were proximately caused by acts of employees within the scope of their employment, and those acts have given rise to a cause of action against that employee.

69. Plaintiff also contends the Defendants' actions were malicious and would support the imposition of punitive damages against them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For general and special damages against each defendant in an amount proven at trial;

2. For punitive damages against the defendants, in an amount appropriate to punish and to deter others from engaging in similar misconduct;

3. For statutory damages and penalties;

4. For costs and attorney's fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

5. For other such relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury as to all their claims for relief.

Dated: June 12, 2020

JOEL MADRIGAL
Plaintiff, In Propria Persona